IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

GORDON RAY DUNN,            §
Prisoner No. 02278533       §
                            §
        Petitioner,         §
                            §
v.                          §       Civil No. 4:21-cv-1132-Y
                            §
DIRECTOR, TDCJ-CID,         §
                            §
        Respondent.         §

MEMORANDUM OPINION AND ORDER DENYING
<u>APPLICATION FOR WRIT OF HABEAS CORPUS</u>

Before the Court is the application for a writ of habeas corpus filed under 28 U.S.C. § 2254 by Petitioner, Gordon Ray Dunn, a state prisoner confined in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ), against Respondent, the director of TDCJ. (Pet. & Br., ECF Nos. 1, 2.) After considering the pleadings and relief sought by Dunn, the Court has concluded that the petition should be DENIED.

## **<u>BACKGROUND</u>**

**A.    Procedural History**

Dunn was charged in Tarrant County, Texas in Case Number 1555835D, with driving while intoxicated (DWI), third or more, a felony level offense. *See* TEX. PENAL CODE ANN. 49.09. On August 13, 2019, Dunn pleaded guilty to the charge, true to the habitual-offender and deadly-weapon allegations, and the trial court

assessed punishment at twenty-five years' imprisonment. (Admin. R. 11:53, ECF No. 13.) Dunn appealed his conviction, but the Texas Second Court of Appeals determined Dunn had waived his right to appeal as part of his plea bargain and dismissed his case. *Dunn v. State*, No. 02-19-00334-CR, 2020 WL 479279, at *1 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.). See Dunn later filed a state petition for writ of habeas corpus challenging his conviction on the ground that his trial counsel, David W. Holmes, rendered ineffective assistance of counsel. The Texas Court of Criminal Appeals denied his petition without written order on August 25, 2021. (Pet. 18, ECF No. 1.)

**B.    Factual Background**

Dunn was arrested for DWI when Fort Worth police encountered him stopped "facing sideways on the off ramp" of a major highway. (Admin R. 11:35, ECF No. 13.) As a police cruiser approached Dunn's vehicle, which was at a complete stop, Dunn reversed on the highway and drove onto an exit ramp. After he was stopped, officers believed he exhibited signs of intoxication, and after performing standard testing, arrested him for DWI.

<u>**ISSUE**</u>

In his sole ground for relief, Dunn alleges that "trial counsel was ineffective" for failing to advise him that the deadly weapon allegation was not supported by evidence or the law prior

to his acceptance of a plea agreement, thereby rendering his plea of guilty involuntary. (Pet. 6, ECF No. 1.)

## RULE 5 STATEMENT

Respondent believes that the petition is timely and is not a successive petition. In addition, Respondent does not believe that Dunn's claims are unexhausted or otherwise procedurally barred. (Resp't Answer 3, ECF No. 14.)

## LEGAL STANDARD

### A.   Title 28 U.S.C. § 2254

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (the Act). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts considering the record before the state court. 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, 562 U.S. 86, 100-01 (2011). This standard is difficult to meet but "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

3

A state court's determination that a claim lacks merit precludes federal habeas relief so long as "fairminded jurists could disagree" on the correctness of the state court's decision. *Id.* at 100 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). This means that, if any fairminded jurist could believe that the state court *reasonably*, but not necessarily *correctly*, applied "clearly established Federal law, as determined by the Supreme Court" in rejecting a petitioner's claim, then the petitioner is not entitled to relief. *See Sanchez v. Davis*, 936 F.3d 300, 304–05 (5th Cir. 2019); *see also Richter*, 562 U.S. at 102. Federal habeas relief is not a substitute for ordinary error correction through direct appeal. *Sanchez*, 936 F.3d at 305 (citation omitted). It is a difficult standard to meet because it was meant to be. *Id.*

A state court's factual findings are "presumed to be correct," and an applicant has "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Barbee v. Davis*, 728 F. App'x 259, 263 (5th Cir. 2018) (quoting § 2254(e)(2)). "The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings [that] are necessary to the state court's conclusions of mixed law and fact." *Id.* (quoting *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001)); *see Pippin v. Dretke*, 434 F.3d 782, 785 (5th Cir. 2005) (citations omitted). Whether a lawyer has rendered

ineffective assistance is a mixed question of law and fact. *Sanchez*, 936 F.3d at 304 (citing *Strickland v. Washington*, 466 U.S. 668, 698 (1984)).[1]

## B.   Ineffective Assistance of Counsel

To prevail on a claim of constitutionally ineffective assistance of counsel, a petitioner must show (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defense." *Mejia v. Davis*, 906 F.3d 307, 314 (5th Cir. 2018) (quoting *Strickland*, 466 U.S. at 687). To establish deficient performance, a person challenging a conviction must show that "counsel's representation fell below an objective standard of reasonableness." *Richter*, 562 U.S. at 104 (quoting *Strickland*, 466 U.S. at 688). A court considering a claim of ineffective assistance must apply a "strong presumption" that counsel's representation was within the "wide range" of reasonable professional assistance. *Id.* The challenger's burden is to show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*

With respect to prejudice, a challenger must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* A reasonable probability is a probability sufficient to

---

[1] Such mixed questions are reviewed under 28 U.S.C. § 2254(d)(1). *See Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000) (citing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)).

undermine confidence in the outcome. *Id.* It is not enough "to show that the errors had some conceivable effect on the outcome of the proceeding." *Id.* Counsel's errors must be "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

"Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (citing *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)). Even under de-novo review, the standard for judging counsel's representation is a most deferential one. *Id.* Unlike a later-reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. *Id.* It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id.* "The question is whether an attorney's representation amounted to incompetence under 'prevailing professional norms,' not whether it deviated from best practices or most common custom." *Id.* (quoting *Strickland*, 466 U.S. at 690).

Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. *Id.* The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. *Id.* The *Strickland* standard is a general one, so the range of reasonable applications is substantial. *Id.* Federal habeas courts

6

must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). *Id*. When § 2254(d) applies, the question is not whether counsel's actions were reasonable. *Id*. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard. *Id*.

## ANALYSIS

In response to Dunn's state habeas petition, trial counsel filed two affidavits that the state habeas court relied on in making its findings of fact and conclusions of law. In its findings of fact, the state habeas court concluded:

> 1. On August 13, 2019, Applicant was set for trial. *See* All Transactions for a Case, No. CDC1-1555835-00, p. 1.
>
> . . . .
>
> 3. After the jury was seated, and pre-trial motions were heard, Applicant decided to plead guilty in exchange for a twenty-five-year plea offer from the State.
>
> 4. In accordance with the plea agreement, the trial court accepted Applicant's plea of guilty, plea of true to the habitual offender notice, and a plea of true to the affirmative deadly weapon allegation and sentenced Applicant to twenty-five years' confinement in the Texas Department of Criminal Justice–Institutional Division.
>
> . . . .
>
> 6. Mr. David W. Holmes represented Applicant during the trial proceedings.
>
> 7. Mr. Holmes advised Applicant of the State's eight-year plea offer.

8. [Previously] Applicant rejected the State's eight-year plea offer.

9. Ultimately, the State withdrew the eight-year plea offer after Applicant failed to appear for court and had to be extradited back to Texas.

10. Mr. Holmes advised Applicant that an automobile could be considered a deadly weapon.

11. According to the police report, Officer Cochran "observed [Applicant's] car facing sideways on the off ramp [of the North Freeway]."

12. According to the police report, as Officer Cochran approached Applicant's vehicle on the highway, Officer Cochran "locked up [his] brakes and almost collided with [Applicant's] vehicle due to it being at a complete stop on the highway."

13. According to the police report, Officer Cochran observed Applicant "put the car in reverse on the highway."

14. Mr. Holmes advised Applicant that the finder of fact would likely consider Applicant's actions a danger based on the testimony of the police officer.

. . . .

23. Applicant was overheard telling the court's bailiff that "[he] ha[d] a lot of history, [he] d[id] not want to do this."

24. After Applicant stated that he did "not want to do this," Mr. Holmes approached the State for another plea offer.

. . . .

30. Mr. Holmes's affidavit is credible and supported by the record.

31. There is no credible evidence that Mr. Holmes's representation fell below an objective standard of reasonableness.

32. There is no credible evidence that the outcome of
the proceeding would have been different but for the
alleged misconduct of trial counsel.

Admin. R. 11:105-108, ECF No. 13 (citations omitted).

The state habeas court also made the following

conclusions of law:

12. Applicant has failed to prove that counsel failed to
properly communicate to the State an acceptance of a
plea offer.

13. Counsel's advice that the jury would likely find the
deadly weapon finding true based on the testimony of the
police officer was the result of reasonable trial
strategy.

. . . .

19. Applicant has failed to prove that trial counsel's
representation fell below an objective standard of
reasonableness.

. . . .

27. Applicant has failed to show that there is a
reasonable probability that, but for the alleged acts of
misconduct, the outcome of the proceeding would have
been different.

28. Applicant has failed to prove that he received
ineffective assistance of trial counsel.

. . . .

35. Applicant was properly admonished.

. . . .

37. Applicant has failed to prove that counsel's advice
fell outside the range of competence demanded of
attorneys in criminal cases.

38. Applicant has failed to prove that there is a
reasonable probability that he would not have pleaded

guilty and would have insisted on going to trial but for counsel's advice.

39. Applicant has failed to prove that his plea was involuntary due to ineffective assistance of counsel.

. . . .

41. Applicant's plea was freely, knowingly, and voluntarily made.

(Admin. R. 11:108-113, ECF No. 13.)

Because a guilty plea involves the waiver of constitutional rights, it must be voluntary, knowing, and intelligent. *United States v. Lord*, 915 F.3d 1009, 1016 (5th Cir. 2019). To enter a knowing and voluntary guilty plea, a defendant must have full knowledge of what the plea meant and of its consequences. *Id.*; *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). "A guilty plea is invalid if the defendant does not understand the nature of the constitutional protection that he is waiving or if he has such an incomplete understanding of the charges against him that his plea cannot stand as an admission of guilt." *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea and any concomitant agreement will be upheld on federal review." *Martinez v. Thaler*, No. 3:12-CV-1431-B-BK, 2013 WL 1499364, at *2 (N.D. Tex. 2013) (quoting *Deville v. Whitley*, 21 F.3d 654, 657 (5th Cir. 1994)).

10

The state habeas court found that Dunn's guilty plea was knowing and voluntary. Dunn has not shown that trial counsel did not explain the effect of his plea of "true" to the deadly weapon allegation. The record shows that Dunn was properly admonished and wished to plead guilty on his own accord. (Admin. R. 11:112-113, ECF No. 13.) He signed a written judicial confession, written admonishments, and the trial court certification that waived his right to appeal. (*Id*. 11:75-81.) "These official court records 'are entitled to a presumption of regularity and are accorded great evidentiary weight' on habeas corpus review." *Martinez*, 2013 WL 1499364, at *3 (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081-82 (5th Cir. 1985)). Additionally, "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977).

The state habeas court's findings are subject to a presumption of correctness which must be rebutted by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1) ("determination of a factual issue by a state court shall be presumed corrected" unless rebutted "by clear and convincing evidence"); *Barbee*, 728 F.App'x at 263. Dunn executed an unsworn inmate declaration in support of his state habeas application that stated he was never informed that "the deadly weapon allegation was not supported by the evidence or the law" and if he had known that information, he "would have never entered a guilty or true plea to the deadly weapon allegation."

(Admin. R. 11:32-33, ECF No. 13.) The state habeas court considered his unsworn statement, trial counsel's affidavits, and the records before it and made its findings. This Court concludes that Dunn's assertions are insufficient to rebut the state habeas court's findings.

Consequently, Dunn cannot overcome the presumption of correctness afforded to the state habeas court's findings. *See Barbee*, 728 F.App'x at 263. The Court concludes that the state habeas court's denial of Dunn's ineffective assistance claim was a reasonable application of federal law and his claim fails. *See Richter*, 562 U.S. at 100-01.

## CONCLUSION

For the reasons discussed, Dunn's petition for writ of habeas corpus under 28 U.S.C. § 2254 is **DENIED**. Considering the record in this case and under Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2254 proceeding, and 28 U.S.C. § 2253(c), the Court **DENIES** a certificate of appealability. The Court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000). In the event that a notice of appeal is filed, Dunn must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

SIGNED: September 6, 2022.

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE